IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER ROGERS                                                                                              PLAINTIFF

V.                             Civil No. 2:24-cv-02063-SOH

SHERIFF TOM HUGHES and
JOHNSON COUNTY, ARKANSAS                                                                            DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Motion for Leave to File Answer Out of Time (ECF No. 11) filed by Defendants, Sheriff Tom Hughes ("Sheriff Hughes") and Johnson County, Arkansas ("Johnson County"), on June 17, 2024. Plaintiff, Christopher Rogers ("Rogers"), filed a response in opposition to the motion on June 20, 2024. (ECF No. 13). Defendants sought and were granted leave to file a reply, which they did on July 12, 2024. (ECF No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1, the matter was referred to the undersigned on August 23, 2024. (ECF No. 17). For the reasons discussed below, it is RECOMMENDED that the Motion (ECF No. 11) be GRANTED, and that leave be given to the Defendants to file their answer out of time.

### I.     BACKGROUND

Rogers filed his Complaint to initiate this action on May 15, 2024. (ECF No. 2). Rogers alleges that was a former Deputy Canine Officer for Johnson County, and that for the month of June 2021 the Defendants paid him for the hours and overtime hours he spent in feeding, training or caring for the canine, but that thereafter Johnson County did not pay him any regular pay, overtime pay, and/or additional pay for the care, training, feeding, or boarding of the canine. *Id*. Rogers further alleges that the time spent in the care, feeding, and training of the canine is not exempt from the standard pay provisions of the Fair Labor Standards Act ("FLSA") and Arkansas

law, and he asserts claims under the FLSA and the Arkansas Minimum Wage Act. *Id*. He also asserts a state law claim for unjust enrichment. *Id*.

Summonses were issued for the Defendants on May 15, 2024. (ECF Nos. 3, 4). Affidavits of Service were filed on May 28, 2024, showing service upon Sheriff Hughes on May 20, 2024, making his answer due on June 10, 2024, and showing service upon Johnson County on May 21, 2024, making its answer due on June 11, 2024. (ECF Nos. 7, 8). The currently pending Motion and Brief in Support were then filed by the Defendants on June 17, 2024. (ECF Nos. 11, 12).

In the instant Motion, the Defendants seek leave of Court to file their answer to Plaintiff's Complaint out of time due to excusable neglect, stating that through a miscommunication, counsel did not receive the case via e-mail until June 17, 2024. (ECF No. 11, p. 1). For his part, Rogers correctly states that the Defendants' Answers were due on June 10 and 11, 2024, and he contends that the Defendants' explanation does not explain anything and does not constitute good cause or excusable neglect. (ECF No. 13, p. 1). In their Reply, the Defendants further elaborate on the nature of the miscommunication: the County Judge thought that the Sheriff would forward the lawsuit on to the County Attorney's Office or the Arkansas Association of Counties because "the Sheriff's Office has typically done that in the past in matters involving that office," but that he did not realize that Sheriff Hughes, a relatively new appointee, did not know about that practice (ECF No. 14, pp. 8-9); and Sheriff Hughes, who was appointed in November 2023, delivered the Summons and Complaint to the County Judge's Office, thinking that they would forward the lawsuit on to the appropriate attorney or risk management group (*Id*., pp. 10-11). Sheriff Hughes also noted that this was the first lawsuit he had been presented with in his capacity as Sheriff of Johnson County. (*Id*., p. 11).

## II.   DISCUSSION

"When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  The Eighth Circuit Court of Appeals has discussed "excusable neglect" in the following way:

> Excusable neglect is an "elastic concept" that empowers the courts to accept, "where appropriate, … late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  "[T]he following factors are particularly important: (1) the possibility of prejudice to [Plaintiff]; (2) the length of [Defendant's] delay and the possible impact of that delay on judicial proceedings; (3) [Defendant's] reasons for delay, including whether the delay was within [their] reasonable control; and (4) whether [Defendant] acted in good faith.

*Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (internal citations and quotations omitted).  The Eighth Circuit in *Chorosevic* affirmed the district court's decision granting leave for defendants to file answers seven months out of time due to an "inadvertent oversight" - the failure to file an answer to the surviving portion of an amended complaint after the court had entered an order dismissing other claims.  *Id*.  It noted that if the district court would have denied leave to file answers out of time, it would have imposed on defendants "a severe penalty unmatched by any prejudice to [plaintiff]," and that such a result would have contravened "the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process." *Id*. at 947 (internal citations and quotations omitted).

In the instant case, the undersigned finds that good cause exists to permit the Defendants to file an untimely answer.  Given the short delay involved, there is no realistic possibility of prejudice to the Plaintiff, such as the loss of evidence or increased difficulties in discovery, and Plaintiff has not alleged any such prejudice would be caused by the delay.  And as in *Chorosevic*,

3

denial of leave to file an answer out of time would result in "a severe penalty unmatched by any prejudice to the Plaintiff." Further, the miscommunication between the two Defendants, while regrettable, was understandable and was discovered in the week following when the answers were due, and the Defendants took prompt action seeking the Court's permission to file an untimely answer. There is no showing that this short delay would unnecessarily delay these proceedings or prejudice the Plaintiff. Nor is there any showing that the Defendants acted in bad faith, but rather, only that a newly appointed Sheriff was unfamiliar with how the Johnson County Sheriff's Office had done things in the past regarding lawsuits involving that office.

Accordingly, the undersigned finds that the Defendants' failure to file a timely answer is the result of "excusable neglect," and the Defendants should be permitted to file an untimely answer to the Plaintiff's Complaint. This will be consistent with the judicial preference for adjudication on the merits.

### III.   CONCLUSION

For these reasons, the undersigned RECOMMENDS that the Defendants' Motion for Leave to File Answer Out of Time (ECF No. 11) be GRANTED, and that leave be given to file their answer out of time.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of September 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE